

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

ASHLEY GERMON,

    Plaintiff,

vs.

GREGG CORNEAU, Sean Merrick

    Defendants

CASE NO.

CV17- 557TUC JAS

## COMPLAINT

### NATURE OF ACTION AND RELIEF SOUGHT

1. This is a civil action seeking a declaratory judgment, injunctive relief, and damages under Title II of the Digital Millennium Copyright Act, as codified at 17 U.S.C. § 512.

2. This action arises from Defendant's infringement of Plaintiff's trademark.

3. Plaintiff has developed and operates one of the most popular celebrity blogging websites, FAMEOULS.COM and various other social media accounts on the Internet. Plaintiff's widespread popularity, which now includes more than 650,000 active followers, is at least partially the result of the success of the Plaintiff's brand, FAMEOLOUS.

4. Defendant operates a website accessible at http://fameoloustea.com/ ("FameolousTea.com*"). Defendant also own and operates an Instagram account with the user name @FAMEOLOUSTEA.

5. Defendant is infringing upon Plaintiff's trademark by displaying and using the Plaintiff's trademark without authorization in a manner that is likely to confuse consumers into wrongly

believing that FameolousTea.com's Website and Instagram account, @FAMEOLOUSTEA, is affiliated with, sponsored by, or endorsed by FAMEOLOUS.

6. Defendant has ignored Plaintiff's requests to respect its intellectual property rights and to stop interfering with its relationships with its users. In fact, Defendant has filed a fraudulent Counter Notice to Plaintiff's initial DMCA Infringement claim filed with the Defendant's website host provider that states that there has been no infringement and either that they hold the rights to Plaintiff's trademark or their use of it is legal.

7. Plaintiff, through this lawsuit, seeks to immediately stop Defendant from its continuing injurious actions, from which the Plaintiff has suffered irreparable and incalculable harm, and which will continue unless Defendant is enjoined from further abuse of Plaintiff's trademarks and copyrighted material.

## PARTIES

8. Plaintiff, Ashley Germon, is the sole individual holder of the trademarked name and logo "FAMEOLOUS'. A copy of the trademark is attached hereto as Exhibit "A".

9. Defendants, Gregg Comeau and Sean Merrick, are the owners and operators of FameolousTea.com and are based in Toronto, Canada.

## JURISDICTION AND VENUE

10. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq., and Title II of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512.

11. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

12. This Court has personal jurisdiction over Defendants, Gregg Comeau and Sean Merrick because he intentionally caused harm to Ashley Germon in Arizona, issued its copyright Counter Notice threat to Ashley Germon in Arizona, and, on information and belief, believes it is the owner of the FAMEOLOUS trademark conducts regular business in Arizona.

13. During all relevant times, Defendant has repeatedly, knowingly, and intentionally solicited internet users. Defendant made systematic and continuous contacts with this judicial district, and has targeted its wrongful acts at FAMEOLOUS, which is headquartered in this judicial district.

14. Venue for this action is proper under 28 U.S.C. §1391(b)(2).

## THE FAMEOLOUS TRADEMARK

15. Plaintiff's website and Instagram Account is, by design, unique. Plaintiff provides for many the only place for showbiz news, often ahead of the pack with breaking stories. The website has become known as the go to site for "official" celebrity updates. The website is fundamental to the Plaintiff's reputation and garners substantial and valuable goodwill with its users.

16. As an online venture, the intellectual property related to the FAMEOLOUS website and Instagram account is a vital asset to the Plaintiff.

17. Plaintiff's website is a work of authorship protected by trademark law.

18. Plaintiff has carefully protected her trademark. Plaintiff owns all common law rights in the FAMEOLOUS mark.

19. Plaintiff is also the owner of U.S. federal registrations: U.S. Trademark SN 87371121 for the FAMEOLOUS mark, covering, inter alia, "Entertainment in the nature of providing an

informational and entertainment website in the fields of celebrity gossip, entertainment, sports and fitness."

20. FAMEOLOUS has been used in commerce by the Plaintiff since 2013. Plaintiff's use has been continuous and exclusive.

21. Plaintiff has attained strong name recognition in the FAMEOLOUS mark. The mark has come to be associated with the Plaintiff.

22. Plaintiff has also developed substantial goodwill in the FAMEOLOUS mark.

23. The FAMEOLOUS mark is among Plaintiff's most important and valuable assets.

## DEFENDANTS' UNAUTHORIZED ACTIVITIES

24. Defendants without authorization have used the famous FAMEOLOUS mark in commerce to advertise Defendants' services on the Internet in a manner likely to confuse consumers as to its association, affiliation, endorsement or sponsorship with or by the Plaintiff.

25. Defendants' unauthorized use of the FAMEOLOUS mark includes, but is not limited to, use of the mark on its website homepage and Instagram account to advertise its services and in unsolicited request sent to current FAMEOLOUS users on various other social media platforms, including Instagram.

26. Defendants' use of the FAMEOLOUS mark causes confusion and mistake and is likely to deceive customers and potential customers regarding the origin, affiliation, association, connection, and/or endorsement of Defendant's services and website with or by FAMEOLOUS

27. At no time has Plaintiff authorized or consented to Defendants' use of the FAMEOLOUS mark or any other FAMEOLOUS intellectual property.

28. At no time has the Plaintiff had any association, affiliation or connection with, or endorsed Defendants' services, website, Instagram account or Defendants. Specifically, Defendants' services are not authorized, approved, endorsed or sponsored by, or associated, affiliated or connected with the Plaintiff.

29. In using the FAMEOLOUS mark, Defendants have willfully and deliberately sought to profit from Plaintiff's pre-established goodwill and reputation.

30. Plaintiff has suffered significant harm to its reputation and goodwill due to Defendants' actions and will continue to suffer irreparable harm to its reputation and goodwill if Defendants' conduct is not enjoined.

31. Plaintiff has suffered economic damages in excess of $5,000, including effort and resources used to investigate and combat Defendant's unauthorized use of the Plaintiff registered trademark.

32. Defendant benefited financially from their behavior while at the same time harming the Plaintiff.

### CLAIM FOR RELIEF VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA") 17 U.S.C. § 1201, et seq. 129.

33. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

34. Plaintiff has registered trademarks in its website.

35. Upon information and belief, on or about September 24, 2017, Defendants copied and disseminated various photographs and new stories taken from Plaintiff's FAMEOLOUS.com website and placed it on their Website and Instagram social media page to promote their company. A true and correct copy of the website pages are attached hereto as Exhibit B.

36. The Defendants did not license the photographs or news stories from Plaintiff for its Website or Instagram social media page, nor did Defendants have Plaintiff's permission or consent to publish the photographs and new stories on its website and Instagram social media page.

37. The Defendants infringed Plaintiff's trademark in the Photograph by accessing the Plaintiff's website, and reproducing and publicly displaying the copied photographs and new stories on their Website and Instagram Page. Defendants are not, and have never been, licensed or otherwise authorized to access, reproduce, publically display, distribute and/or use Plaintiff's Photograph and original new stories.

38. Plaintiff has been and will continue to be damaged in an amount not presently known with certainty, but which will be proven at trial.

39. Defendants' conduct also has caused irreparable and incalculable harm and injuries to Plaintiff, and, unless enjoined, will cause further irreparable and incalculable injury, for which Plaintiff has no adequate remedy at law.

40. Plaintiff is entitled to the range of relief provided by 17 U.S.C. § 1201-1203, including, but not limited to, injunctive relief, compensatory damages or statutory damages, punitive damages, and Plaintiff's costs and attorneys' fees in amounts to be proven at trial.

## CLAIM FOR RELIEF TRADEMARK INFRINGEMENT
## 15 U.S.C. 55 1114 and 1125(a) 140.

41. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations in all the preceding paragraphs.

42. Plaintiff owns U.S. federal registrations SN 87371121 for the FAMEOLOUS mark. The registration is in full force and effect and are enforceable.

43. At all times relevant, Defendants exercised ownership or control over its services, Instagram account and websites, and knowingly cooperated in and/or induced encouraged, enabled or aided the infringement of Plaintiff's trademark rights in online advertising for its services, Instagram account and website.

44. Defendants' use of the FAMEOLOUS mark in interstate commerce is likely to cause customer confusion or to cause mistake or to deceive as to the origin of the services offered by Defendants and as to their affiliation, connection, or association with and for endorsement or approval by Plaintiff.

45. The foregoing acts of the Defendants constitute false designation of association, affiliation, connection, endorsement and/or approval under 15 U.S.C. § 1125(a), and/or vicarious or contributory infringement of Plaintiff's rights under 15 U.S.C. § 1125(a).

46. Defendants' actions also constitute the use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of FAMEOLUS in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive, in violation of 15 U.S.C. § 1114.

47. Upon information and belief, Defendants have engaged in such false designation of origin, association, affiliation, connection, endorsement and/or approval knowingly, willfully, deliberately, and in conscious disregard of Plaintiff's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

48. Plaintiff has been damaged and will continue to be damaged, and Defendants have been unjustly enriched, by such unlawful conduct in an amount to be proven at trial.

49. In addition, Defendants' conduct described herein has caused and, if not enjoined, will continue to cause irreparable damage to Plaintiff's rights in its marks, and to the business, positive reputation and goodwill of Plaintiff brand, which cannot be adequately compensated

solely by monetary damages. Plaintiff therefore has no adequate remedy at law and seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for the following relief:

A. For injunctive relief, as follows: A permanent injunction enjoining and restraining Defendants, and all persons or entities acting in concert with it during the pendency of this action and thereafter perpetually from:

   1. Displaying the FAMEOLOUS trademark anywhere on Defendants' website site and various social media account;
   2. engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Plaintiff's website; and

B. An award to Plaintiff of damages, including but not limited to, compensatory, statutory, and punitive damages, as permitted by law and in such amounts to be proven at trial.

C. An award to Plaintiff of reasonable costs, including reasonable attorneys' fees.

D. For pre and post-judgment interest as allowed by law.

E. For such other relief as the Court may deem just and proper.

_____
PLAINTIFF ASHLEY GERMON, PRO SE